IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JALEN WELLS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO.:** |
| ) | |
| v. ) | |
| ) | |
| **TACALA, LLC, d/b/a TACO BELL,** ) | **JURY DEMAND** |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

**I.     INTRODUCTION**

1.     This is an action for declaratory judgment, legal and equitable relief and money damages associated with the unlawful discrimination on the basis of race, as well as retaliation, against the Plaintiff. The suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. §§ 2000e et seq. (hereinafter "Title VII"); and 42 U.S.C. § 1981 (hereinafter "§ 1981") which provide for relief against discrimination in employment on the basis of race and retaliation thereto. The Plaintiff requests a trial by jury of all issues triable by a jury. Further, the Plaintiff seeks attorneys fees and costs pursuant to 42 U.S.C. §1988.

## II      JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4), 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C. § 2000e-5.

3.    The unlawful employment practices alleged hereinbelow were committed by the defendant within Jefferson County, Alabama. Plaintiff resides in Warrior, Jefferson County, Alabama. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## III.    PARTIES

4.    Plaintiff Jalen Wells ("Plaintiff" or "Wells") is an African-American, male citizen of the United States and a resident of the State of Alabama. At all times relevant to this action, Plaintiff was an employee of the Defendant, Tacala, LLC, d/b/a Taco Bell.

5.    Defendant, Tacala, LLC, d/b/a Taco Bell. ("Defendant" or "Taco Bell") is a Delaware based business doing business and employing personnel in Jefferson County, Alabama, and at all times relevant to this action was the employer of the Plaintiff within the meaning of 42 U.S.C. § 2000e(a) and (b), and 42 U.S.C. §1981.

6.    At all times relevant to this action, the Plaintiff was an employee of Defendant and was rightfully attempting to make and/or enforce the terms of contract(s) regarding his employment.

7. At all times relevant to this action, Taco Bell has employed at least fifteen (15) or more employees.

## IV. ADMINISTRATIVE EXHAUSTION

8. The Plaintiff has satisfied all conditions precedent required pursuant to Title VII. No such conditions precedent are required for Plaintiff's §1981 claims.

9. On July 11, 2013, Plaintiff timely Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC")(Charge #420-2013-02595), in which he complained that the Defendant subjected him to racial discrimination and retaliation in relation to the terms, conditions and benefits of his employment.

10. On or about March 18, 2014, the EEOC issued a Notice of Right to Sue and the Plaintiff is timely filing the present action from his date of receipt of same.

## V. STATEMENT OF FACTS AND CLAIMS

11. Plaintiff re-alleges and incorporates by reference paragraphs 1-10 above with the same force and effect as if fully set out in specific detail hereinbelow.

12. Plaintiff is an African-American male.

13. Plaintiff began working at Tacala, LLC's Warrior, Alabama, Taco Bell location approximately two (2) years ago as a full-time cashier/cook.

14. Plaintiff remained in this position until his unlawful termination on May 16, 2013.

15. Throughout his employment Plaintiff performed the duties of his job and until his termination he had no disciplinary actions.

16. In late April 2013/early May 2013 a white male customer called the store while Plaintiff was working and complained that food was missing from his order.

17. Plaintiff informed him that he could replace the food with a receipt. The man raised his voice, began cursing at Plaintiff, and stated he did not have enough gas to come back to the store.

18. The customer asked to speak to a manager and then called Plaintiff a "fucking nigger." The customer repeatedly yelled, cursed and used inappropriate racial slurs on the phone.

19. Plaintiff immediately reported this to the Manager, Jonathan Powell (African-American).

20. Later that same day, the customer came to the store and spoke with the Manager. The customer was obviously intoxicated.

21. The customer denied using the racial slur towards Plaintiff, but Plaintiff recognized the customer's voice.

22. The customer then proceeded to call Plaintiff "Gaylen," instead of his actual name, mocking him.

23. The man then asked to shake Plaintiff's hand and Plaintiff declined.

24. The customer than got angry and began cursing and yelling in the store in front of customers. The customer continued to curse, yell and use inappropriate racial slurs, including "nigger," repeatedly in the store. He pointed at black employees, including Wells, and called them "nigger." The majority of the employees on shift were African-American and the man's behavior was upsetting both employees and customers in the store.

25. The customer directed racial slurs at one of the other African-American employee, Shelton Maye, and tried to incite a fight with Maye. Wells and two other store employees restrained Maye from entering into an altercation with the man.

26. Shelton and Maye then removed themselves from the situation while the remaining employees tried to get the customer to leave the store.

27. The man's behavior continued to escalate and a white employee had to raise his voice and curse at the man in an attempt to get him to leave–telling him to "Get the fuck out," of the store. Eventually the police were called and the customer left, still yelling obscenities and racial slurs as he drove away.

5

28.     A couple of weeks after this incident Plaintiff was informed that corporate wanted to talk to Shelton Maye and Plaintiff about the matter.

29.     On May 16, 2013, Plaintiff spoke with Craig Kuntz, Head Field Coach (Caucasian), about the incident.

30.     Kuntz informed Plaintiff that he (Plaintiff) had engaged in unnecessary behavior and that he (Kuntz) was terminating Plaintiff's employment.

31.     Kuntz claimed that Plaintiff had engaged in a verbal and physical altercation with the customer.

32.     This was simply not true and Plaintiff told Kuntz exactly what had actually happened–including that he (Plaintiff) had been subjected to racial slurs, cursing, and threatening behavior by the man.

33.     Plaintiff had not cursed at the man or gotten into any physical altercation with him.

34.     The white employee who did raise his voice and curse at the customer was not disciplined or terminated.

35.     The Defendant's conduct as described above caused the Plaintiff loss of wages, loss of benefits, emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

36. The unlawful conduct of the Defendant as described above was done with malice and/or reckless disregard of and/or deliberate indifference to the Plaintiff's federally protected rights.

## COUNT I
## CLAIMS OF RACE DISCRIMINATION
## AND RETALIATION IN VIOLATION OF TITLE VII

37. The Plaintiff re-alleges and incorporates by reference paragraphs 1-37 above with the same force and effect as if fully set out in specific detail hereinbelow.

38. The defendant unlawfully discriminated against the plaintiff on the basis of his race, African-American, with respect to his position, and other terms, conditions and benefits of his employment, as set out above.

39. As set out in detail above, the defendant intentionally and maliciously discriminated against plaintiff by discriminatorily applying the disciplinary policy, subjecting plaintiff to a higher level of scrutiny than his white co-workers, and by termination of the plaintiff's employment, at least in part, on the basis of the plaintiff's race, African-American.

40. As set out above, during his employment, Plaintiff made good faith based complaints of racial harassment/discrimination by a customer.

41. In retaliation for these complaints of racial harassment/discrimination, Plaintiff was unlawfully retaliated against with respect to the terms, conditions, and

privileges of his employment including discriminatorily applying the disciplinary policy, subjecting plaintiff to a higher level of scrutiny than his white co-workers, and by termination of the plaintiff's employment.

42. The Defendant thus has violated the proscriptions against racial discrimination and retaliation found in Title VII.

43. The unlawful conduct of the Defendant as described above was done with malice and/or reckless disregard of and/or deliberate indifference to the Plaintiff's federally protected rights.

44. As the result of Defendant's conduct, Plaintiff was deprived of income and other benefits due him. The Defendant's conduct as described above caused the Plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

45. The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for back-pay, injunctive relief, and compensatory damages and a declaratory judgment is his only means of securing adequate relief.

46. Plaintiff is suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## COUNT II
## CLAIMS OF RACE DISCRIMINATION AND RETALIATION IN VIOLATION OF 42 U.S.C. §1981

47. The Plaintiff re-alleges and incorporates by reference paragraphs 1-46 above with the same force and effect as if fully set out in specific detail herein below.

48. The defendant unlawfully discriminated against the plaintiff on the basis of his race, African-American, with respect to his position, and other terms, conditions and benefits of his employment, as set out above.

49. As set out in detail above, the defendant intentionally and maliciously discriminated against plaintiff by discriminatorily applying the disciplinary policy, subjecting plaintiff to a higher level of scrutiny than his white co-workers, and by termination of the plaintiff's employment, at least in part, on the basis of the plaintiff's race, African-American.

50. As set out above, during his employment, Plaintiff made good faith based complaints of racial harassment/discrimination by a customer.

51. In retaliation for these complaints of racial harassment/discrimination, Plaintiff was unlawfully retaliated against with respect to the terms, conditions, and privileges of his employment including discriminatorily applying the disciplinary policy, subjecting plaintiff to a higher level of scrutiny than his white co-workers, and by termination of the plaintiff's employment.

52. The Defendant thus has violated the proscriptions against racial discrimination and retaliation found in 42 U.S.C. §1981.

53. The unlawful conduct of the Defendant, as described above, was done with malice and/or reckless disregard of and/or deliberate indifference to the Plaintiff's federally protected rights.

54. As the result of Defendant's conduct, Plaintiff was deprived of income and other benefits due him. The Defendant's conduct as described above caused the Plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

55. The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for back-pay, injunctive relief, and compensatory damages and a declaratory judgment is his only means of securing adequate relief.

56. Plaintiff is suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

57. Plaintiff suffered damages as a proximate result of these violations, which were caused by Defendant's policy or custom and/or a failure to adequately train caused by deliberate indifference to the Plaintiff's rights and/or by deliberate indifference to those violations.

58. The unlawful conduct of the Defendant, as described above, constitutes a custom or policy of the Defendant for allowing acts of racial discrimination and/or retaliation in violation of its employees' federally protected rights.

## VI.   PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Grant Plaintiff a declaratory judgment holding that actions of Defendant, described herein above, violated and continue to violate the rights of the Plaintiff as secured by Title VII, and 42 U.S.C. §1981.

2. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those action in concert with Defendant and on the Defendant's behalf from continuing to violate Title VII and 42 U.S.C. §1981.

3. Grant the Plaintiff an Order requiring the Defendant to make Plaintiff whole by awarding him the position he would have occupied in the absence of racial discrimination and/or retaliation (or front pay), backpay (plus interest), compensatory, punitive, and/or nominal damages, and loss of benefits.

    4.       The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

                              Respectfully submitted,

                              s/ Temple D. Trueblood
                              Temple D. Trueblood
                              Counsel for Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, QUINN & PANTAZIS, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

**THE PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.**

                              s/ Temple D. Trueblood
                              OF COUNSEL

**Plaintiff requests this Honorable Court to serve via certified mail upon the named defendant the following : Summons, Complaint.**

Defendant's Address:
Tacala, LLC, d/b/a Taco Bell
c/o Registerd Agent
Donald M. Ghareeb
3750 Corporate Woods Drive
Vestavia Hills, AL 35242

                              s/ Temple D. Trueblood
                              OF COUNSEL